James E. Edwards, V68959
Bldg. 1 / #108
CSP Solano
P. O. Box 4000
Vacaville, CA  95696-4000

FILED

08 AUG 11 AM 11: 41

U.S. DISTRICT COURT
N. DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. EDWARDS,<br>    Petitioner<br><br>vs.<br><br>WARDEN SISTO,<br>    Respondent. | CASE NO.: 3:08-CV-02841-WHA<br><br>MOTION TO RECONSIDER SUMMARY DISMISSAL OF CLAIMS 1, 2, 3, 4, 5, 6, 7 AND 11 |

### MOTION TO RECONSIDER SUMMARY DISMISSAL OF
### CLAIMS 1, 2, 3, 4, 5, 6, 7 AND 11

Petitioner, James E. Edwards, respectfully request this Court to reconsider its decision to summarily dismiss Claims 1 through 7 and 11 for the following reasons to wit:

### CLAIM ONE:

This Court summarily dismissed Petitioner's first and most Constitutionally critical claim – personal jurisdiction, based on "State courts' interpretations of state law bind a federal court sitting in habeas corpus, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)". Petitioner's case is not a matter of statutory interpretation; it is a question of jurisdictional fact. California Penal Code 27(a) has been so very clearly stated since its inception in 1872 that no Person has been criminally prosecuted in California without having been either physically present at the time of the conspiracy to commit or commission of the crime or physically found within the exterior boundaries of California subsequent to the alleged criminal act.

Page 1 of 11

Petitioner cannot possibly be the first natural person after more than 130 years to be allowed to be subjected to prosecution by the state of California **without having ever been** physically present within its territorial boundaries. While the *Bradshaw* case exhibits circumstances "firmly rooted in Ohio law" that is not the case here.

Personal jurisdiction is a matter of Constitutional due process and Petitioner demands protection under the Due Process Clause. The Ninth Circuit has stated the following:

> "An unforeseeable judicial enlargement of a criminal statute, applied retroactively, violated the federal due process." *Darnell v. Sinney,* 823 F.2d 299, 301 (9th Cir. 1987)

> "Court is required, wherever possible, to give force to each word in every statute, or constitutional provision." *Silveria v. Lockyer,* 312 F3d 1052 (9th Cir. 2002)

The state of California has misapplied a statute to Petitioner which very clearly states which persons are liable under the laws of the state. The jurisdictional emphasis of Penal Code 27(a) is on the person allegedly committing the crime; not the crime committed. In all other cases **physical** presence of defendant is and has been required at the origination of the conspiracy or during all or part of the commission of a crime. In all other cases, **physical** presence of defendant is and has been required at the time of conspiracy and after causing or aiding, advising or encouraging another person to commit a crime. It is not disputed that no evidence exists of the conspiracy forming in California or any overt act committed by Petitioner therein, as Petitioner has always contended no crime has been committed as he was **never physically** within the territorially boundaries of California in order for the state to "apply" Penal Code 27(a)(1). See 4 Witkin, Cal. Crim. Law 3d (2000) Jur & Ven, § 21, p. 111

> "Judicial jurisdiction may be absent if the criminal act or omission took place outside the territorial boundaries of the state. If the criminal statute itself purported to apply extraterritorially, it would be void for lack of legislative jurisdiction (supra, §19); and if the court attempts to apply a valid statute to

extraterritorial activities beyond the power of the state to control, it is action without judicial jurisdiction. This fundamental common law and constitutional principle limiting state power to its boundaries has many applications in the civil law (see 7 *Summary* (9th), *Constitutional Law*, §498; 9 *Summary* (9th), Taxation, §29 et seq.) and in the criminal law. However, California's jurisdictional statutes afford jurisdiction not only over crimes partially committed within the state (P.C. 27(a)(1), supra, §20) but also over crimes committed outside the state if the **defendant formed the intent and committed *any* act within California** in whole or partial execution of that intent (P.C. 778a(a), infra, §22. (*People v. Morante* (1999) 20 C.4th 403, 436, 84 C.R.2d 665, 975 P.2d 1071, infra, §24.)(**Bold** emphasis added).

The synonym of absence of judicial jurisdiction if the "criminal act or omission" takes place outside the boundaries of the state, is the absence of judicial jurisdiction if the "defendant" is not present within the state at the time of the origination of the conspiracy or commission of any subsequent act therein by others. Simply put, if jurisdiction is absent for a crime committed outside the state, then judicial jurisdiction is absent over a person outside the state. The controlling statute would be void if applied to a person, such as Petitioner, who was outside the state when the intent was formed and any subsequent act was committed by third party defendants. The action of the state court is without judicial jurisdiction for want of subject matter jurisdiction i.e. the Person of defendant as required by P.C. 27(a)(1): "persons who commit, in whole or in part, any crime within this state." If there was a conspiracy to commit any crime in California, it originated in Washington state, as it was there that the evidence shows alleged co-conspirator met with Petitioner. Washington may have a cause of action and jurisdiction, but California does not.

Therefore, this claim is not a matter of interpretation of state law as this Court has stated in its summary dismissal, it is a question of fundamental jurisdictional defect fatal to the state's prosecution; misapplication of state law to a person **outside the jurisdiction** of the state at the

time of origination of conspiracy and any overt act by others culminating in a violation of state law.

This Court is responsible for the oversight of the Constitutional rights of Petitioner and to prevent abuse of said rights. Although rarely challenged because of its nature (physical presence) the lack of personal jurisdiction by the convicting authority goes to the very basis of due process. See *McNuttt v. General Motors,* 298 US 178 (1936); *Burnham v. Superior Court of California, County of Marin,* 495 US 604 (1990); *Ruhrgas v. Marathon Oil,* 526 US 574 (1999); *Bouie v. City of Columbia,* 378 US 347 (1964). Will this Court allow the state of California to try, convict and incarcerate Petitioner absent personal jurisdiction or due process?

Petitioner in Claim One has made a *prima facie* case that has merit, provided facts, supported those facts with evidence in form of sworn affidavit and in the exhibits, and cited case authority that is relevant and has not been overturned, allowing this Court to grant relief, therefore Claim One should be adjudicated.

## CLAIM TWO:

This Court has used the same argument to summarily dismiss this claim as in Claim One, that is, that Petitioner cannot succeed because of *Bradshaw v. Richey*. The Court has determined that Petitioner's claim is once again based on an "interpretation" of state law. "A question of subject matter jurisdiction can be raised at any stage in the judicial process." *Gacer v. Quirk,* 86 F3d 451, 453 (5th Cir. 1996). The state must **prove** it has subject matter jurisdiction.

Petitioner argues that it is not an "interpretation" but a disregard of the law and of precedence. This Court has based its decision on "the superior court saying that it had subject matter jurisdiction under California law". There would no Constitutional oversight by federal

courts if a state can simply say they have jurisdiction with no authority or precedence behind it. See Fourteenth Amendment to the Constitution of the United States:

> "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

See Claim One of Petitioner's Habeas and Motion for proof Petitioner is not "within its jurisdiction" first and foremost. However "equal protection of the laws" is critical to Petitioner's Claim Two. In fact, Petitioner has shown there is precedence in California law to support the fact notice is required. In all cases presented by the prosecution in support of Petitioner's conviction showed involvement by the California Department of Corporations prior to any civil or criminal charges. All cases Petitioner has researched there has first been involvement by the Department of Corporations. How can Petitioner be the first one after precedent has been set for more than 50 years? How can this Court ignore these facts and not order the state to **prove** subject matter jurisdiction?

Therefore, as previously stated above, the *Bradshaw* case is not relevant, as the decision by the Santa Clara County Superior Court is not "firmly rooted" in California law, and Petitioner cannot be the first person to be charged outside the involvement of the California Department of Corporations and notice. California cannot usurp the Fourteenth Amendment of the United States Constitution and "enforce" a law unequally. This is **not** a case of interpretation, but one of improper enforcement.

Petitioner in Claim Two has made a *prima facie* case that has merit, provided facts, supported those facts with evidence in form of sworn affidavit and in the exhibits, and cited case authority that is relevant and has not been overturned, allowing this Court to grant relief, therefore Claim Two should be adjudicated.

### CLAIM THREE:

The Court quotes *INS v. Lopez*, 468 US 1032, 1039-40 (1984) in its decision to summarily dismiss this claim, however that case is irrelevant because Petitioner is not challenging the extradition. The reference to the extradition was merely to show the extent of the fraud committed, not challenge the extradition itself. The Court also holds that the United States Supreme Court has never held that it is a violation of due process rights to be brought to trial by falsified documents. However, Petitioner did in fact cite several United States Supreme Court cases about fraudulent or vague indictments and these cases have not been overturned. See Claim Three of the original habeas for authorities.

The United States Supreme Court has indeed given relief for petitioners that have been brought to the bar of justice by fraudulent documents or acts. The United States Supreme Court has found that fraud vitiates judgments, including criminal judgments. See *U. S. v. Throckmorton*, 98 US 61, 65 (1870) and *Claredon v. Thomson*, 23 US 538 (1998).

Petitioner in Claim Three has made a *prima facie* case that has merit, provided facts, supported those facts with evidence in form of sworn affidavit and in the exhibits, and cited case authority that is relevant and has not been overturned, allowing this Court to grant relief, therefore Claim Three should be adjudicated.

### CLAIM FOUR:

This Court has determined that actual innocence does not violate due process based on the case *Osborne v. District Attorney's Office*, 521 F3d 1118, 1130 (9th cir. 2008). *Osborne*, however, is not relevant to the instant case. In reviewing that case Petitioner has found it to be not relevant to the instant case. In the *Osborne* case the petitioner was seeking post conviction discovery, in the forms of a new DNA test, which is not the case here. Petitioner's claim is not

based on post conviction discovery, but on evidence withheld by the prosecution and the evidence submitted at trial. In fact, in the *Osborne* case the Ninth Circuit Court said it "agreed it is well settled the government has the obligation to turn over evidence" quoting *Pennsylvania v. Ritchie* at II first paragraph.

Petitioner cited too many authorities to repeat here, but he did quote *Brady* regarding withholding evidence which is still current and relevant to this claim.

Petitioner in Claim Four has made a *prima facie* case that has merit, provided facts, supported those facts with evidence in form of sworn affidavit and in the exhibits, and cited case authority that is relevant and has not been overturned, allowing this Court to grant relief, therefore Claim Four should be adjudicated.

## CLAIM FIVE

This Court summarily dismissed this claim based on the case that Petitioner actually referred to – *Stone v. Powell*, 428 US 465, 481-82, 494. Petitioner referred to the *Stone* case so as to avoid just this situation. In *Stone*, the United States Supreme Court held that it was a violation if the defendant was not afforded "the opportunity for a full and fair hearing". This Court ruled that *Stone* only required an "initial" opportunity for a fair hearing, adding the word "initial" and leaving out the word "full".

It is Petitioner's belief that the definition of a full and fair hearing is based on the most basic court principles. That being, the moving party enters a motion, in this case a motion of suppression or limine to stop evidence wrongly obtained by the prosecution – no search warrant. Then the respondent, the prosecution in this case, answers. Then the moving party, the defendant, has the RIGHT to rebuttal. Lastly, to be fair, the court must give a finding of fact and law for its decision.

In Petitioner's case he was not given the right to rebuttal and the trial court gave no reason in law or fact for its decision. Therefore, this Court should review this claim *de novo*.

Petitioner in Claim Five has made a *prima facie* case with merit, given facts, supported those facts, cited case authorities, which have not been overturned, and made a showing that *Stone v. Powell* is not a bar to hearing this claim allowing this Court to grant relief, therefore Claim Five should be adjudicated.

## CLAIM SIX:

Petitioner admits there was no interrogation therefore the right to remain silent and to in incriminate himself does not apply. However there is another section to the *Miranda* warning and that is the right to counsel. Petitioner was originally taken from his home state of Washington to Texas without benefit of hearing, counsel or being informed of his right to counsel.

Petitioner was taken out of federal custody in Texas and placed in state custody without benefit of hearing, counsel or being informed of his right to counsel. Then Petitioner was taken before a court in Texas without benefit of counsel for the purpose of extradition to California, which was **only** done, because he refused to leave without his right to a hearing.

When Petitioner was brought to California and was handed over to state custody he was not informed of his right to counsel or given his right to a preliminary hearing on the complaint used to bring him to California.

There were several occasions where Petitioner was "taken" into custody by another authority and never informed of his right to counsel. This too is a violation of due process.

Petitioner in Claim Six has made a *prima facie* case with merit, given facts, supported those facts in form of sworn affidavit, cited case authorities, which have not been overturned, allowing this Court to grant relief, therefore Claim Six should be adjudicated.

## CLAIM SEVEN:

This Court quoted *Strickland v. Washington* as its authority to summarily dismiss Petitioner's claim of **no** counsel at arraignment. The Court claimed that Petitioner did not make a showing of prejudice or meet the criteria established for ineffective counsel as stated in the *Strickland* case. Petitioner points out that it is an impossibility to meet the criteria established in the *Strickland* case as there was **no** counsel present to be ineffective. The case law cited by Petitioner is still valid, relevant and has not been overturned. In the instant case prejudice is assumed and not necessary for Petitioner to make any showing of prejudice. The *Strickland* case is absolutely irrelevant to the instant case, as there was no person there acting as counsel to be ineffective.

Petitioner in Claim Seven has made a *prima facie* case with merit, given facts, supported those facts in form of sworn affidavit and cited case authority, which has not been overturned, allowing this Court to grant relief, therefore Claim Seven should be adjudicated.

## CLAIM ELEVEN:

Petitioner's Claim Eleven was summarily dismissed as this Court ruled the federal bail clause is not incorporated against the states, quoting from *Galen v. County of Los Angeles*, 477 F.3d 652, 659 – "Neither the Supreme Court nor [the Ninth Circuit has] held that the [bail] clause is incorporated against the States." However the very next sentence in the *Galen* case states: "We follow the Supreme Court in "assum[ing]" without deciding that the Clause is incorporated against the States. *Baker,* 443 U.S. at 144 n. 3, 99 S.Ct. 2689." Therefore Claim

Eleven was summarily dismissed based on an authority which clearly has supported the bail clause to be incorporated against the states.

The Eighth Amendment of the United States – "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted" – although referring to excessive bail applies to Petitioner as he was **not** afforded a hearing and thus given opportunity to be released prior to trial on any amount of bail!

Petitioner in Claim Eleven has made a *prima facie* case with merit, given facts, supported those facts in form of sworn affidavit and cited case authority, which has not been overturned, allowing this Court to grant relief, therefore Claim Eleven should be adjudicated.

## CONCLUSION

Petitioner has shown all claims summarily dismissed to be valid claims based on his right to protection under the United States Constitution. Petitioner cited to applicable case law showing overwhelming precedence that the instant case is a matter of jurisdictional fact and not statutory interpretation. The cases cited by this Court for purpose of summarily dismissing many of Petitioner's claims are inapplicable to the instant case and Petitioner has thus shown.

Wherefore, Petitioner prays that the Court grant Petitioner's motion for reconsideration and issue an order to show cause on all claims. I verify under penalty of perjury that the foregoing is true and correct.

Executed on: August 9, 2008

*James E. Edwards*
James E. Edwards, Petitioner

## CERTIFICATE OF SERVICE

I, Kathy Thaut, do hereby declare under penalty of perjury, that I am a citizen of the United States, over the age of 18 and not party to the action, and that I filed an original and one (1) copy of the **MOTION TO RECONSIDER SUMMARY DISMISSAL OF CLAIMS 1, 2, 3, 4, 5, 6, 7 AND 11,** with the United States District Court for the Northern District of California and one copy to the Attorney General of California listed below by placing with Federal Express overnight delivery service this the 9th day of August, 2007.

| | |
|---|---|
| Clerk of the Court<br>USDC Northern California<br>450 Golden Gate Avenue – 16th Floor<br>Box 36060<br>San Francisco, CA 94102 | Federal Express No: 8643 4968 3781 |
| Edmund G. Brown, Jr,<br>California Attorney General<br>Office of the Attorney General<br>455 Golden Gate Avenue<br>Suite 11000<br>San Francisco, CA  94102 | Federal Express No: 8643 4968 3792 |

Executed this the 9th day of August 2008.

*[signature]*
Kathy Thaut