1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   JAMES EUGENE EDWARDS,                         No. C 08-2841 WHA (PR)

11              Petitioner,                        **ORDER GRANTING IN PART AND
                                                   DENYING IN PART PETITIONER'S**
12       v.                                        **MOTION TO RECONSIDER**

13   Warden SISTO, CSP-Solano,

14              Respondent.
                                              /
15

16       This is a habeas case filed pro se by a state prisoner.  In the initial review order several

17   grounds for relief were dismissed and an order to show cause as to the others was issued.

18   Petitioner has moved to reconsider the dismissals.

19                                      **STATEMENT**

20       A jury convicted petitioner of one count of conspiracy, six counts of residential

21   burglary, and sixteen counts of securities fraud.  He was sentenced to prison for twenty-seven

22   years and eight months.  His conviction was affirmed on direct appeal by the California Court

23   of Appeal, and the California Supreme Court denied review.  He also filed state habeas

24   petitions, all of which were denied.

25                                      **DISCUSSION**

26       Petitioner raised eleven grounds for relief.  Grounds one through seven and ground

27   eleven were dismissed in the initial review order.  Petitioner contends that the grounds that were

28   dismissed should not have been.

**United States District Court**

For the Northern District of California

**United States District Court**

For the Northern District of California

1    Habeas corpus petitions must meet heightened pleading requirements. *McFarland v.*

2   *Scott,* 512 U.S. 849, 856 (1994). "'[N]otice' pleading is not sufficient, for the petition is

3   expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory

4   Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas

5   petitions which appear on their face to be legally insufficient are subject to summary dismissal."

6   *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996)

7   (Schroeder, J., concurring).

8    Petitioner's arguments in his motion to reconsider are mainly repetitive of his arguments

9   in the petition.  Because the petition was unusually detailed, and contained considerable

10   argument, this is not surprising.  The motion to reconsider will be denied as to claims one

11   through three, five through seven, and eleven.

12    As to one claim, however, claim four, petitioner's motion has merit.  In the petition,

13   claim four is headed "Santa Clara County conducted a miscarriage of justice and violated the

14   Fifth and Fourteenth Amendments to the United States Constitution by convicting Petitioner

15   who was actually innocent of all charges."  This claim was dismissed because "[t]he United

16   States Supreme Court has explicitly stated that it is an open question whether a "free-standing

17   innocence claim" is cognizable.  *Osborne v. District Attorney's Office*, 521 F.3d 1118, 1130

18   (9th Cir. 2008) (citing *Herrera v. Collins*, 506 U.S. 390, 417 (1993), and *House v. Bell*, 547

19   U.S. 518, 554-55 (2006))."  In the absence of clearly-established Supreme Court authority that

20   conviction of someone who is actually innocent of a noncapital crime is a constitutional

21   violation, petitioner could not prevail on his actual innocence claim.  *See* 28 U.S.C. § 2254(d)

22   (as to legal claims, federal district court may not grant habeas petition challenging state

23   conviction or sentence on basis of claim reviewed on the merits in state court unless state court's

24   adjudication of the claim "resulted in a decision that was contrary to, or involved an

25   unreasonable application of, clearly established Federal law, as determined by the Supreme

26   Court of the United States.").

27    In the motion to reconsider petitioner says "]i]n reviewing [*Osborne*] Petitioner has

28   found it to be not relevant to the instant case."  He is incorrect as to that, but he also points out

2

United States District Court

For the Northern District of California

that in the portion of the petition devoted to claim four he discussed the prosecution's purported withholding of exculpatory evidence and cited *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Pet. at 17-18. This issue could have been raised more clearly, for instance if petitioner had not buried it in an issue involving actual innocence, but in consideration of petitioner's pro se status and in an effort to ensure that his rights are protected, the motion to reconsider will be granted as to this issue. Because it was not raised as a separate issue in the petition, and thus was not included as an issue on which respondent should show cause, respondent will be ordered to file a supplemental answer addressing it.

## CONCLUSION

1. For the reasons discussed above, petitioner's motion to reconsider (document number 6 on the docket) is **GRANTED** as to issue four and **DENIED** as to the other claims.

2. Upon reconsideration, the Court concludes that in claim four petitioner was attempting to claim, in addition to his claim that he was actually innocent, that evidence had been withheld by the prosecution in violation of *Brady*. Respondent therefore shall file a supplemental answer within sixty days showing cause why the petition should not be granted as to this additional issue.

If petitioner wishes to respond to the supplemental answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the supplemental answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of a supplemental answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

**IT IS SO ORDERED.**

Dated: March ___5___, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\EDWARDS2841.REC.wpd

3